## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

**DARRELL FINT,**

     **Plaintiff,**

v.

     Civil Action No. 5:17-cv-04043

     Judge _____

**BRAYMAN CONSTRUCTION
CORPORATION, a foreign corporation,**

     **Defendant.**

### COMPLAINT

Now comes the plaintiff, Darrell Fint, by and through his counsel, Christopher J. Heavens and Heavens Law Firm, PLLC, and James D. McQueen, Jr. and McQueen Davis, PLLC, for his complaint and states as follows:

### Introduction, Parties, Jurisdiction and Venue

1.     This is a statutory cause of action permitted under Chapter 23 of the West Virginia Code, as amended, commonly referred to as a "Deliberate Intent" action, pursuant to West Virginia Code §23-4-2(c). The statutory requirement to have expert verification of the "specific unsafe working conditions" in question that caused Plaintiff's injury and related information, is hereto annexed and incorporated by reference herein. SEE: Report of Steve Petty, marked as **Exhibit 1**.

2.     The plaintiff, Darrell Fint, is, and was at all times relevant, a citizen and resident of Aurora, Preston County, West Virginia and, at all times material to this action, was an employee of the Defendant working within the course and scope of his

employment and incurred an injury resulting directly from his employment with Defendant, in Summers County, West Virginia, on land owned or controlled by the State of West Virginia Department of Highways.

3.     The defendant, Brayman Construction Corporation (hereinafter referred to as "Brayman Construction" and/or "Brayman"), was at all times relevant herein a Pennsylvania corporation, licensed to conduct business in the State of West Virginia, and in fact conducting business in Sommers County, West Virginia at the time of the incident complained of.  At all times relevant hereto, Brayman Construction was subject to safety regulations set forth by the Department of Labor Occupational Safety and Health Administration ("OSHA"), in addition to other commonly accepted construction industry safety practices and standards.

4.     Jurisdiction in this action is predicated on Diversity of Citizenship pursuant to 28 USCA §1332, as a dispute between citizens of different states, West Virginia and Pennsylvania, wherein the amount in controversy, including costs, well exceeds the jurisdictional threshold of $75,000.00.

5.     Venue in this action lies in the Southern District of West Virginia pursuant to 28 USCA §1391, in that the incident upon which the action is based occurred in Summers County, West Virginia, where the Defendant was doing business at the time, which county is within the Southern District of West Virginia and the Beckley Division thereof.

## Count I - Deliberate Intent Action

6.     On or about January 31, 2017, in Hinton, Sommers County, West Virginia, the plaintiff was working for Brayman Construction in his role as a pile-driver, assisting the drill crew when he fell backwards and headfirst into an unguarded and/or un-

2

barricaded hole approximately 9 feet in depth, landing on his head, breaking his neck, suffering paralysis and other severe and permanent injuries.

7.    Brayman Construction violated at least two specific OSHA industry standards by failing to guard and/or barricade the above-described hole, proximately causing the above-described incident and permanent injuries and damages to the plaintiff. See **Exhibit 2**.

8.    Brayman was responsible for a lack of job safety analysis and insufficient planning for the installation of protective systems, leading to the subject incident, injuries and damages. SEE: OSHA Rapid Response Report #1178565 of April 10, 2017, attached as **Exhibit 3**.

9.    Plaintiff's permanent injuries are a direct result of Brayman Construction's lack of a fall protection system around the hole into which the Plaintiff fell, causing his permanent injuries and damages.

10.    Brayman Construction has admitted that it did not have a fall protection system guarding and/or barricading said hole to protect against falls into the said hole at the time Mr. Fint fell into the hole.

11.    Brayman Construction has previously been cited by OSHA in 2008 for violation of standard 19260502, D08, entitled "Fall protection systems criteria and practices," to which it paid a $2,000 settlement. SEE: OSHA violation of 2008 #1, attached as **Exhibit 4**.

12.    Brayman Construction was again cited for a repeat violation of standard 19260502, D08, entitled "Fall protection systems criteria and practices," and was fined $10,000. SEE: OSHA violation of 2008 #2, attached as **Exhibit 5**.

13.   Brayman Construction was cited in 2008 for a violation of standard 19260106 D, "Working over or near water." <u>SEE</u>: OSHA violation of 2008 #3, attached as **Exhibit 6**.

14.   Because of Defendant's deliberate and continuing violations of the applicable OSHA standards and repeated failure to safeguard its employees from unprotected, open holes on the worksite, Plaintiff fell into an exposed hole and broke his neck, resulting in permanent physical, emotional and psychological injuries.

15.   Defendant Brayman Construction violated West Virginia Code §23-4-2(d)(2)(ii), as described hereinafter:

   a. that a specific unsafe working condition existed in the workplace, which presented a high degree of risk and a strong probability of serious injury or death;

   b. that the employer, Brayman Construction, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

   c. that the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

   d. that notwithstanding the existence of the facts set forth in subparagraphs (a) through (c), inclusive, of this paragraph, defendant nevertheless intentionally thereafter exposed Darrell Fint to the specific unsafe working condition; and

   e. that Darrell Fint suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three as a result of this exposure.

16.     The Plaintiff's expert, Stephen Petty, has prepared report detailing how Brayman Construction's violations of specific industry standards created specific unsafe working conditions that were a proximate cause of the permanent injuries and damages suffered by Plaintiff. SEE: Report of Steve Petty, attached and incorporated by reference herein, as **Exhibit 1**.

17.     As a direct and proximate result of the actions and conduct of Defendant, Darrell Fint has in the past suffered and will continue to suffer in the future, the following damages:  extreme physical pain and suffering;

    a.  extreme mental anguish and suffering;

    b.  serious and extensive major surgery and medical care and treatment to treat the injuries suffered as a result of the stated incident;

    c.  permanent loss of body functions;

    d.  permanent physical impairment;

    e.  loss of wages and benefits;

    f.  loss of future earning capacity and benefits;

    g.  loss of capacity to enjoy life;

    h.  medical expenses past and future;

    i.  annoyance and inconvenience;

    j.  permanent scarring, disfigurement, and range of motion; and

    k.  permanent physical and vocational impairment at a percentage rating at or above that required to sustain this instant cause of action under West Virginia law.

18.     Plaintiff's injury has been characterized as a catastrophic injury and to date he has incurred medical treatment expenses in excess of $1.6 million dollars and significant lost wages and benefits.  Plaintiff's injury is permanent in nature and will result in permanent and total disability or a permanent partial disability. The Plaintiff

5

was required to attend an Independent Medical Examination (IME) on August 3, 2017, at which time the IME doctor, Charles Werntz, concluded that the Plaintiff has a 28% whole person impairment under the AMA Guides to Evaluation of Permanent Impairment, Fourth Edition and West Virginia Worker's Compensation's Rule 20. SEE: Werntz IME Report, attached as **Exhibit 7**. Plaintiff will never again be physically able to perform his former job as a pile driver, a medium to heavy lifting job.

WHEREFORE, Plaintiff Darrell Fint demands judgment against Defendant, Brayman Construction, awarding him monetary relief for all special and general damages, including relief for medical bills, loss of enjoyment of life, pain and suffering, mental anguish, mental distress, net economic losses and loss of income, annoyance, aggravation, inconvenience, pre-judgment and post judgment statutory interest, legal costs, attorney fees, and for such other relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

s// Christopher J. Heavens
Of Counsel for the Plaintiff

Christopher J. Heavens (WV Bar No. 5776)
**HEAVENS LAW FIRM, PLLC**
2438 Kanawha Boulevard East
Charleston, West Virginia 25311
Phone:        304-346-0464
Fax:          304-345-5775
e-mail:       chris@heavenslawfirm.com

and

James D. McQueen, Jr. (WV Bar No. 2507)
**MCQUEEN DAVIS, PLLC**
314 Ninth Street, Suite 200
Huntington, West Virginia 25701
Phone:        304-522-1344
Fax:          304-522-1345
e-mail:       jmcqueen@mcqueendavis.com