IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**DARRELL FINT,**

    **Plaintiff,**

v.                                                  **CIVIL ACTION NO.: 5:17-CV-04043**
                                                    **HONORABLE IRENE C. BERGER**

**BRAYMAN CONSTRUCTION
CORPORATION, a foreign
corporation,**

    **Defendant.**

### DEFENDANT BRAYMAN CONSTRUCTION CORPORATION'S MOTION FOR PROTECTIVE ORDER

**NOW COMES** the Defendant, Brayman Construction Corporation, by counsel, Wendy E. Greve, Jacob D. Layne and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to Rule 26(c) of the *Federal Rules of Civil Procedure* and Rule 7.1 of the *Local Rules of Civil Procedure for the Southern District of West Virginia* and hereby move this Honorable Court for the entry of an order prohibiting the depositions of Stephen Muck and Eric Hoffman. In support of said motion, Defendant states and avers as follows:

### FACTS

1. Plaintiff requested that Defendant produce Stephen Muck and Eric Hoffman, for deposition. *See March 12, 2018 electronic message of Chris Heavens* attached hereto as **Exhibit 1**.

2. Mr. Muck is the Chief Executive Officer of Defendant Brayman Construction Corporation. *See Affidavit of Stephen Muck* at ¶ 3 attached hereto as

**Exhibit 2**.

3. Mr. Hoffman is the Vice President of General Contracting for Brayman Construction Corporation. *See Affidavit of Eric Hoffman* at ¶ 3 attached hereto as **Exhibit 3**.

4. By electronic message, undersigned counsel requested that Plaintiff's counsel provide "the purpose" of, and what information Plaintiff was seeking, from Mr. Muck and Mr. Hoffman's depositions. (Ex. 1).

5. Undersigned counsel additionally informed Plaintiff's counsel that Mr. Muck and Mr. Hoffman do not have any "discoverable information" of which counsel is aware, that information concerning the subject incident has been obtained in depositions of Brayman employees or former employees already taken by Plaintiff, or can be obtained in the depositions of Brayman employees Plaintiff has scheduled to take in the near future. (Ex. 1).

6. Plaintiff's counsel responded stating: "Mr. Muck is the CEO. I want to know what involvement he had in investigating this matter, meting out discipline, responding to OSHA [and,] communicating with subordinates on any aspect of this incident and its aftermath." *See March 13, 2018 electronic message of Chris Heavens* attached hereto as **Exhibit 4**.

7. Plaintiff's counsel's response made no mention of any reason that Plaintiff should be permitted to depose Vice President Hoffman. (Ex. 4).

8. Plaintiff's counsel indicated that if undersigned counsel refused to produce Mr. Muck for deposition, he and his co-counsel would "address it to the Court[.]" (Ex. 4).

9. Undersigned counsel responded to Plaintiff and stated as follows:

> Given the information that you want, a deposition of Mr. Muck or Mr. Hoffman appears to be unnecessary as numerous other witnesses can and have addressed those areas and appears not to be proportional given their positions in the company and the subject matters. I, of course, will work with you in helping get any information you need but we will not be producing them for deposition.

See *March 14, 2018 electronic message of Wendy Greve* attached hereto as **Exhibit 5**.

## Applicable Legal Standard

10. Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery in a civil action. Fed. R. Civ. P. 26(b).

11. Rule 26(b)(1) states:

> <u>Unless otherwise limited by court order</u>, the scope of discovery is as follows: <u>Parties may obtain discovery</u> regarding any nonprivileged matter <u>that</u> is relevant to any party's claim or defense and <u>proportional to the needs of the case, considering the importance of the issues at stake in the action</u>, <u>the amount in controversy</u>, the parties' relative access to relevant information, the parties' resources<u>, the importance of the discovery in resolving the issues</u>, and <u>whether the burden or expense of the proposed discovery outweighs its likely benefit</u>. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)(emphasis added).

12. In other words: "[T]o be discoverable, information must be nonprivileged, relevant, and <u>proportional to the needs of the case</u>. *Robertson v. Cincinnati Ins. Co.*, No. 3:16-CV-04242, 2017 WL 1398342, at *3 (S.D. W. Va. Apr. 18, 2017)(emphasis added).

13. "In the same vein, "Rule 26(b) 'cautions that all permissible discovery must be measured against the yardstick of proportionality.'" *Buskirk v. Wiles*, No. CV 3:15-

03503, 2016 WL 7118288, at *1 (S.D.W. Va. Dec. 6, 2016)(quoting *Lynn v. Monarch Recovery Management*, Inc., 285 F.R.D. 350, 355 (D. Md. 2012)(citation omitted).

14. "Simply because information is discoverable under Federal Rule of Civil Procedure 26(b)(1), however, 'does not mean that discovery must be had.'" *In re C. R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2187, 2014 WL 12703776, at *2 (S.D.W. Va. June 30, 2014)(quoting *Schaaf v. SmithKline Beecham Corp*, 233 F.R.D. 451, 453 (E.D.N.C. 2005)(citation omitted).

15. In fact:

> Federal Rule of Civil Procedure 26(b)(2)(C) allows the court, with or without a motion, <u>to limit the frequency and extent of discovery when</u> (1) <u>the discovery sought is unreasonably cumulative or duplicative</u>; (2) <u>can be obtained from some other source that is more convenient, less burdensome, or less expensive</u>; (3) <u>the party seeking the discovery has already had ample opportunity to collect the requested information</u>; or (4) <u>the burden or expense of the proposed discovery outweighs its likely benefit</u>, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*In re C. R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2187, 2014 WL 12703776, at *2 (S.D.W. Va. June 30, 2014)(quotations omitted)(emphasis added).

16. Finally, Rule 26(c)(1)(a)-(h) permits the Court to enter a protective order prohibiting or limiting discovery upon motion of a party.

17. The Rule states: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(1).

## **Legal Argument**

18. This Court should enter an order prohibiting the depositions of CEO Muck and Vice President Hoffman's pursuant to Rule 26(b)(2)(C) and Rule 26(c)(1)-(3).

19. Mr. Hoffman and Mr. Muck have both stated under oath that they have no superior or unique knowledge concerning the relevant facts at issue in the subject litigation. (Ex. 2 at ¶ 4)(Ex. 3 at ¶ 4).

20. Mr. Muck and Mr. Hoffman are high-ranking corporate officers of Brayman Construction Corporation. (Ex. 1 at ¶ 3)(Ex. 2 at ¶ 3).

21. Undersigned counsel has attempted to communicate with Plaintiff's counsel and resolve the discovery in good faith by offering to provide Plaintiff's counsel with the information he is seeking from the depositions of Mr. Muck and Mr. Hoffman. (*See* Ex. 1, 4-5).

22. However, Plaintiff's counsel remains of the opinion that Mr. Muck and Mr. Hoffman should be produced for deposition. (Ex. 4).

23. The United States District Court for the Southern District of West Virginia as well as other courts in the Fourth Circuit of Appeals have held that the issuance of a protective order to prohibit and/or limit the depositions of high ranking corporate individuals or officers may be appropriate under certain circumstances. *See In re C. R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2187, 2014 WL 12703776 (S.D.W. Va. June 30, 2014); *Smithfield Bus. Park, LLC v. SLR Int'l Corp.*, No. 5:12-CV-282-F, 2014 WL 547078, at *1 (E.D.N.C. Feb. 10, 2014); *JTH Tax, Inc. v. Aime*, No. 2:16CV279, 2016 WL 9223926, at *6 (E.D. Va. Dec. 13, 2016).

24. In *In re C. R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL

2187, 2014 WL 12703776 (S.D. W. Va. June 30, 2014) Magistrate Judge Eifert was presented with the issue of whether the Court should allow plaintiffs in multidistrict pelvic mesh litigation to depose the chief operating officer of one of the pelvic mesh manufacturers- Bard Urologic Division.

25. The issue came before the Court on Bard's motion for a protective order to prevent plaintiffs from taking the deposition of its chief operating officer.

26. Bard asserted that the plaintiffs should be prevented from deposing the chief operating officer pursuant to the "apex doctrine[.]" *Bard* 2014 WL 12703776, at *1 (S.D.W. Va. June 30, 2014)

27. Also referred to as the "Apex-deposition rule", the apex doctrine "provides that before a plaintiff may take the deposition of a high-ranking or 'Apex' governmental official or corporate officer, the plaintiff must demonstrate both that the governmental official or corporate officer possesses superior or unique information relevant to the issues being litigated and that the information cannot be obtained by a less intrusive method, such as by deposing lower-ranking employees." 86 A.L.R.6th 519 (Originally published in 2013).

28. The plaintiffs in *Bard* asserted that the Fourth Circuit has not officially adopted or addressed the apex doctrine.

29. Plaintiffs also asserted among other things that, the COO had personal knowledge of subject matters relating to the litigation from, among other things, the receipt of monthly management reports from lower ranking employees as well as other sources of information.

30. The Court discussed the apex doctrine at length prior to reaching a

decision on *Bard's* motion for a protective order.

31. The Court stated: "Although the apex doctrine does not grant free passes to corporate executives to escape deposition testimony, it plainly deviates from the long-standing rule that '[a] witness ordinarily cannot escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge.' *Bard,* 2014 WL 12703776, at *4 (Quoting *Performance Sales & Marketing LLC*, 2012 WL 4061680, at *4).

32. The Court further stated: "Application of the apex doctrine is also significant because it reallocates the burden that accompanies a motion for protective order. To show good cause under the apex doctrine, the moving party need only submit an affidavit from the executive stating that he or she lacks superior or unique knowledge of the relevant facts, and the burden then shifts to the proponent of the deposition to demonstrate the executive's likely knowledge and to show that less burdensome discovery methods have been or will be unsatisfactory, insufficient, or inadequate." *Id* *(Citing* Performance Sales & Marketing LLC, 2012 WL 4061680, at *4).

33. At the conclusion of its general discussion of the apex doctrine, the Court declined to explicitly apply the apex doctrine to the unique circumstances at issue in the multidistrict pelvic mesh litigation.

34. Rather, the Court "resolved [the motion] by considering the proportionality principles of Rule 26(b)(2)(C). *Id.*

35. However, the Court explained: "The rationale behind the apex doctrine is that, without the required showing, high-level executives will be exposed to repetitive, abusive, and harassing depositions. That concern is not present here. To the contrary,

Plaintiffs propose to take [the COO's] deposition just once for use in approximately 10,000 cases currently pending in this MDL and in state courts." *Bard*, 2014 WL 12703776, at *5.

36. Moreover, the Court opined that "the burden [in this case] is minimal when viewed in the context of the [Multi District Litigation]. <u>The extraordinary number of cases and the astronomical amount in controversy clearly weigh against the application of a rigid apex deposition rule better suited to an "individual personal injury, employment, or contract dispute in which the 'apex' official had no personal knowledge."</u> *Id* (Quoting *In re Bridgestone/Firestone, Inc. Tires Product Liability Litigation*, 205 F.R.D. 535, 536 (S.D. Ind. 2002).

37. Finally, the Court found that the COO in *Bard* had personal knowledge of matters in issue.

38. In the end, the Court granted in part and denied in part, the motion for the protective order. The Court permitted plaintiffs to depose the CEO but limited the substantive and temporal scope of the deposition. *Id*.

39. Here, unlike the *Bard* case which concerned multidistrict litigation, this case involves an individual personal injury dispute commonly known as a deliberate intent claim under West Virginia law. (ECF No. 1 at 2-6).

40. Thus, as a simple personal injury matter in which Mr. Muck and Mr. Hoffman have no personal knowledge, this case is appropriate under *Bard* for application of the "rigid apex deposition rule[.]" *Bard*, 2014 WL 12703776, at *5 (Quoting *In re Bridgestone/Firestone, Inc. Tires Product Liability Litigation*, 205 F.R.D. 535, 536 (S.D. Ind. 2002).

41. There is no dispute that Mr. Muck and Mr. Hoffman are high ranking or "apex" individuals.

42. Likewise, Mr. Muck and Mr. Hoffman have affirmed under oath that they do not have any unique or superior knowledge concerning the relevant facts at issue in the case. (Ex. 2 at -¶ 3)(Ex 3 at ¶ 3).

43. Thus, under the apex deposition rule, Plaintiff has the burden to show that Mr. Muck and Mr. Hoffman likely have superior or unique knowledge concerning the facts at issue and that lesser intrusive means have been exhausted.

44. Plaintiff is unable to make a showing that Mr. Muck or Mr. Hoffman have superior or unique knowledge.

45. Additionally, Plaintiff is unable to show that less intrusive means to obtain the information he is seeking have been exhausted.

46. Accordingly, the apex doctrine demands that the depositions of Mr. Muck and Mr. Hoffman be prohibited.

47. Alternatively, should the Court decline to apply the apex deposition rule in the present case, the depositions should yet still be prohibited under the proportionality principles of Rule 26(b)(2)(C).

48. As indicated above, Mr. Muck and Mr. Hoffman have no unique or superior knowledge concerning the facts of the case. (Ex. 2 at ¶ 3)(Ex. 3 at ¶ 3).

49. Likewise, Plaintiff has and will have "ample opportunity to obtain the information" by taking the depositions of other Brayman employees including a corporate designee representative. Fed. R. Civ. P. 26(b)(2)(C)(ii).

50. As such, Defendant Brayman Corporation requests that this Honorable

Court enter a protective order prohibiting the depositions of Stephen Muck and/or Eric Hoffman

**WHEREFORE**, Defendant Brayman Construction Corporation moves that this Honorable Court enter an order prohibiting the depositions of Stephen Muck and Eric Hoffman.

                                             Brayman Construction Corporation
                                             By Counsel,

                                             */s/ Wendy E. Greve*
                                             Wendy E. Greve, WV State Bar No. 6599
                                             Jacob D. Layne, WV State Bar No. 11973

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**DARRELL FINT,**

    **Plaintiff,**

**v.**                                          **CIVIL ACTION NO.: 5:17-CV-04043**
                                                **HONORABLE IRENE C. BERGER**

**BRAYMAN CONSTRUCTION CORPORATION, a foreign corporation,**

    **Defendant.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on **24th day of April 2018,** I electronically filed the foregoing *Defendant Brayman Construction Corporation's Motion for Protective Order* with the Clerk of the Court using the CM/ECF system which will send notification of such filing.

Christopher J. Heavens, Esquire
Heavens Law Offices
2438 Kanawha Blvd, East
P.O. Office 3711
Charleston, WV  25337-3711
*Counsel for Plaintiff*

James D. McQueen, Jr., Esquire
McQueen Davis
314 9TH Street, suite 200
Huntingtonw, WV  25701
*Counsel for Plaintiff*

                                                      */s/ Wendy E. Greve*
                                                  Wendy E. Greve, WV State Bar No. 6599
                                                  Jacob D. Layne, WV State Bar No.  11973

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:     (304) 342-1545