# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

**DARRELL FINT,**

       **Plaintiff,**

**v.**                                   **Case No.: 5:17-cv-04043**

**BRAYMAN CONSTRUCTION
CORPORATION, a foreign corporation,**

       **Defendant.**

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending is Plaintiff's Motion to Quash Subpoenas, in Part, of the Plaintiff's Medical Providers. (ECF No. 110). Defendant has filed a memorandum in opposition, (ECF No. 111), and Plaintiff has replied. (ECF No. 116). On Monday, September 17, 2018, the parties appeared, by counsel, for a telephonic hearing on the motion. Having considered their arguments, the Court **DENIES** Plaintiff's motion to quash.

Plaintiff complains that Defendant has served broad-based subpoenas on a number of Plaintiff's health care providers, seeking medical records including mental health, substance abuse, and other highly confidential treatment records. Plaintiff argues that the subpoenas should be limited to records pertaining to the injuries he sustained in the accident which forms the basis of this litigation; namely, neck and back injuries. Plaintiff also objects to the time frame of the subpoenas in that they ask for records from 2006 through the present. Plaintiff indicates that his accident occurred on January 31, 2017; accordingly, Defendant should only be permitted to collect records from that date

forward.

In response, Defendant contends that Plaintiff has placed his medical and psychological conditions at issue in this case by claiming severe physical and emotional injury and by requesting damages for: extreme mental anguish, suffering, permanent physical impairment, loss of bodily function, permanent scarring and disfigurement, loss of past and future earnings, permanent physical and vocational impairment, loss of capacity to enjoy life, annoyance and inconvenience, and past and future medical expenses. Defendant asserts that it is entitled to discover Plaintiff's state of mental and physical health prior to his accident, as well as his history of substance abuse and his pre-existing conditions, as these potentially affect his life expectancy, vocational abilities, and other damages claims.

A review of cases decided by courts in the Fourth Circuit supports Defendant's position. In *EEOC v. Sheffield, LLC,* No. 1:06CV00889, 2007 WL 1726560 (M.D.N.C. June 13, 2007), the District Court held that "[w]hen a plaintiff seeks damages for mental anguish, '[t]he medical and psychological information sought by [ ] interrogatories and requests for production are relevant as to both causation and the extent of plaintiff's alleged injuries and damages.'" *Id.,* at *4 (quoting *Garrett v. Sprint PCS,* No. 00-2583-KHV, 2002 WL 181364, at *2 (D. Kan. Jan. 31, 2002)); *see also Marshall v. Univ. of Maryland Med. Ctr.*, No. CV TDC-17-2779, 2018 WL 3727947, at *3 (D. Md. Aug. 6, 2018) (holding that defendant was entitled to discover plaintiff's treatment and mental health records when she placed these conditions at issue); *Benjamin v. Sparks*, No. 4:14-CV-186-D, 2017 WL 1497930, at *2 (E.D.N.C. Apr. 26, 2017) ("Plaintiff has alleged emotional distress, mental anguish, and disability discrimination, as well as defamation regarding statements about his physical and mental health. Thus, Plaintiff's medical history—both

physical and mental—is squarely at issue. Defendants are entitled to explore 'other potential causes' or diagnoses in Plaintiff's medical records."); *Vannoy v. Fed. Reserve Bank of Richmond*, No. 3:13-CV-797, 2014 WL 2601765, at *4 (E.D. Va. June 10, 2014) ("Vannoy seeks damages for alleged 'emotional pain, suffering, and inconvenience, mental anguish and loss of enjoyment of life.' ... FRBR correctly argues that it is entitled to Vannoy's medical records in order to determine if any prior event may affect his demand for damages."); *EEOC v. Dolgencorp, LLC,* No. 1:09CV700, 2011 WL 1260241, at *13 (M.D.N.C. Mar. 31, 2011) (holding that medical records are subject to discovery when a party claims emotional or mental distress); *EEOC v. Smith Bros. Truck Garage, Inc.,* No. 7:09-CV-11150-H, 2011 WL 102724, at *2 (E.D.N.C. Jan. 11, 2011) (holding that the defendant may review plaintiff's medical records to determine whether other contributing factors or events prior to termination caused the alleged emotional distress or anxiety.); *Carr v. Double T Diner*, No. WMN-10-CV-00230, 2010 WL 3522428, at *2 (D. Md. Sept. 8, 2010) ("Plaintiff's mental state is at issue for purposes of discovery because her emotional suffering is germane to the calculation of damages she requested in her complaint."); *Jimoh v. Charlotte-Mecklenburg Housing Partnership, Inc.,* No. 3:08-CV-495-RJC-DCK, 2009 WL 4062881, at * (W.D.N.C. Nov. 20, 2009) (finding that the plaintiff had placed her mental state and any factors causing that mental state "squarely at issue" in this case, making her "medical, psychological and counseling records are both relevant and discoverable. A party claiming compensatory damages for emotional distress, pain and suffering, and mental anguish puts her mental and physical condition at issue and must produce requested medical records."); *Teaque v. Target Corp.*, No. 3:06CV191, 2006 WL 3690642, at *1 (W.D.N.C. Dec. 11, 2006) ("Since Plaintiff is seeking compensatory damages for emotion distress, it is clear that the [medical]

information and records sought by the Defendant are discoverable."); *Coffin v. Bridges*, 72 F.3d 126, 1995 WL 729489, at *3 (4th Cir. 1995) (unpublished) (same). Given the breadth of Plaintiff's claimed injuries and requested damages, the scope of medical information sought by Defendant is not unreasonable. Accordingly, Plaintiff has not demonstrated good cause to quash the subpoenas.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED**:  September 18, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge