IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DARRELL FINT,**

    **Plaintiff,**

v.                                                              Case No.: 5:17-cv-04043

**BRAYMAN CONSTRUCTION**
**CORPORATION, a foreign corporation,**

    **Defendant.**

## MEMORANDUM OPINION and ORDER

Pending is Defendant's Motion to Compel Plaintiff to Supplement His Response to Defendant's Interrogatory No. 26. (ECF No. 132). Plaintiff has filed a memorandum in opposition to the motion, (ECF No. 143), and Defendant has filed a reply. (ECF No. 149). Therefore, the issue is fully briefed, and oral argument will not assist to resolve the motion. For the reasons that follow, the Motion to compel is **GRANTED.**

This is a deliberate intent case involving serious personal injuries suffered by Plaintiff when he fell nine feet, head first, into an open hole at his job site. Defendant served a set of Interrogatories on Plaintiff, including Interrogatory No. 26, which requested the following:

> Please state the full name, address, and telephone number of every individual physician, hospital, clinic, or other healthcare provider that provided medical, psychological, psychiatric, or medical treatment to Darrell Fint for the fifteen years preceding the incident complained of in Plaintiff's Complaint.

In response, Plaintiff provided information that both parties now agree was incorrect and

1

incomplete.

Subsequent to answering the interrogatory, Plaintiff was deposed. At his deposition, Plaintiff supplied additional information regarding his past medical care and health care providers. Moreover, Plaintiff corrected the erroneous information that he had provided in the interrogatory response. However, Plaintiff did not supplement his answer to Interrogatory No. 26 to formally correct the inaccurate information or include the additional information disclosed at his deposition.

Accordingly, two and half months after the deposition, Defendant requested in writing that Plaintiff supplement his response to Interrogatory No. 26. When Plaintiff did not do so, Defendant filed the instant Motion to Compel. After the Motion to Compel was filed, Plaintiff served Defendant with a supplemental answer to Interrogatory No. 26. Defendant acknowledges receiving the supplemental answer but claims that it is still insufficient. The supplemental answer reads as follows:

> Plaintiff was deposed on June 5, 2018 in Morgantown, West Virginia, and testified from the best of his knowledge and memory about his individual physician, hospital, clinic or other healthcare providers he has seen between January 30, 2002 and January 30, 2017. Regarding Plaintiff's treatment and admission at Ruby Memorial Hospital after his 2006 accident, see Deposition Transcript, pages 126 through 129, attached hereto as *Exhibit 1*. Note that this reference explains the error in the original answer involving Shannon Walidosrki. She was a passenger in the 2006 automobile accident Plaintiff had, not his treating doctor. In preparing the original answer above, there was a misunderstanding between Plaintiff and counsel's staff as to the name of the treating physician. Plaintiff does not recall the names of his treating physicians from that hospitalization and does not have any medical records in his possession. However, at the time of his deposition, Defense Counsel was in possession of one or more medical authorizations and should have been able to obtain the records of the 2006 hospitalization within a few weeks. (Doc 132-3). It should be noted that Plaintiff testified at his deposition that he had a burn injury and a skin graft surgery that occurred in 2000 or 2001, which precedes the time limitation set forth in this interrogatory, thus no answer about this injury was required in response to Interrogatory 26. Nevertheless, upon hearing Plaintiff's deposition testimony, in order to obtain such records, Defense Counsel was

free to request such records using the aforesaid medical authorization. Plaintiff also testified about a prior back strain in 2013, for which he saw a chiropractor near Dover, Ohio, whose name he could not recall. But, he promised to provide the name in December, 2018, when he receives the annual Christmas card from the chiropractor. See Deposition Transcript, pages 132 and 133, attached hereto as *Exhibit 2*. By searching through Google, Plaintiff has identified that chiropractor as Case Chiropractic in Canton, Ohio (phone no. 330-454-5716). It should also be noted that Plaintiff authorized Defense Counsel to acquire all of the medical records that have been obtained by another lawyer in her Firm who is defending Brayman in Plaintiff's workers' compensation claim, as admitted by Defense Counsel during the Plaintiff's deposition of June 5, 2018. Deposition Transcript, page 15.

Plaintiff contends that his supplemental discovery answer is adequate, because it contains all of the information Plaintiff can recall, and that information was freely provided to Defendant at Plaintiff's deposition. Plaintiff adds that he gave Defendant signed HIPAA-compliant medical releases that allow Defendant to collect complete copies of Plaintiff's medical records directly from his health care providers. Consequently, Defendant has access to all of the information that it seeks with respect to Interrogatory No. 26.

Fed. R. Civ. P. 33 requires the party to whom an interrogatory is directed to answer the interrogatory "fully in writing under oath" to the extent the party does not lodge an objection to the question. If the answer to an interrogatory is found in a party's business records, and the burden of ascertaining the answer is substantially the same for either party, the responding party may submit the business records in response to the interrogatory, but must specify the records to be reviewed in sufficient detail to enable the interrogating party to locate and identify the information as readily as the responding party. Fed. R. Civ. P. 33(d). Nonetheless, "an answer to an interrogatory [generally] should not refer to other documents such as pleadings, depositions, or other interrogatories. The answer should be complete in itself." *Deakins v. Pack*, No. CIV.A.

1:10-1396, 2012 WL 242859, at *23 (S.D.W. Va. Jan. 25, 2012) (citing *Williams v. Sprint/United Management Co.,* 235 F.R.D. 494, 501 (D. Kan. 2006)).

Here, Plaintiff has yet to fully and completely respond to Interrogatory No. 26. Defendant asks for a list of Plaintiff's treating health care providers for the fifteen-year period prior to the accident at issue in this case. For each provider, Defendant wants the individual's or entity's name, address, and telephone number. Plaintiff has not objected to the interrogatory and the information requested is relevant considering that the instant action is a personal injury case. Referring Defendant to deposition testimony, telling Defendant to collect records, or providing an explanation for why the first response to the interrogatory contained the wrong information, either separately or in combination, simply does not a constitute a valid answer to the question posed by Defendant. Furthermore, the fact that Defendant may have collected some or all of the information on its own does not obviate Plaintiff's obligation to answer the interrogatory. *See, e.g., Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys.*, No. 14-CV-12972, 2016 WL 4662431, at *5 (E.D. Mich. Sept. 7, 2016) (holding that "Plaintiff's deposition testimony in this matter does not cure her failure to provide a complete answer to Defendant's Interrogatory."). Accordingly, Plaintiff is **ORDERED** to provide a full and complete response to Interrogatory No. 26 within **ten (10) days** of the date of this Order. Plaintiff is instructed to make a reasonable investigation to determine the names and addresses of the health care providers from whom he received treatment in the past. To the extent Plaintiff saw numerous providers during an inpatient stay at one facility, such as Ruby Memorial Hospital, he need not list each provider by name, but shall provide the name and address of the facility and the dates of the admission.

Defendant also asks the Court for an award of reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5). In order to recover reasonable expenses, the moving party must certify that it has conferred in good faith or attempted to confer with the party failing to make the disclosure or discovery in an effort to obtain the information without judicial assistance. In this District, to satisfy the "good faith" requirement, counsel for the moving party must attempt to meet and confer *in person or by telephone* with opposing counsel and try to narrow the areas of disagreement to the greatest extent possible. *See* L. R. Civ. P. 37.1 (b) (emphasis added). Sending a letter or other written communication—such as an email—does not, alone, satisfy the District's meet and confer requirement. *See HSBC Bank USA, Nat'l Ass'n v. Resh*, No. 2014 WL 317820 at *8 (S.D.W. Va. Jan 28, 2014). The failure of moving counsel to take the additional step of making a telephone call or scheduling a face-to-face conference will not prevent a ruling on the motion to compel, but in most cases will preclude an award of reasonable expenses. *Westfield Ins. Co. v. Carpenter Reclamation, Inc.*, 301 F.R.D. 235, 245 (S.D.W. Va. 2014) (citing *Frontier–Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 526 (S.D.W. Va. 2007))("While it is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel, the Federal Rules of Civil Procedure and Local Rules do not provide that failure to meet and confer automatically results in denial of the motion. Rather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making the motion, including attorney's fees.").

It does not appear from the Motion to Compel or the reply memorandum filed by Defendant that defense counsel attempted to meet and confer *in person or by telephone* with Plaintiff's counsel. Defendant mentions only that a good faith letter was sent, and this letter was not sent until more than two months after Plaintiff's deposition. Plaintiff's

counsel represents in the opposition memorandum that the good faith letter was "inadvertently overlooked," which can happen more easily with a letter than with a telephone call or face-to-face conference. Certainly, the issue seems to have been promptly overlooked by both parties given that a hearing was held before the undersigned on September 17, 2018 to address certain discovery matters and the issue of Interrogatory No. 26 was never raised. Obviously, that hearing would have been the perfect opportunity for defense counsel to have engaged in a meet and confer session in an effort to resolve the dispute. Consequently, in view of counsel's failure to meet and confer in person or by telephone prior to filing the Motion to Compel, Defendant's motion for an award of reasonable expenses is **DENIED**.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** October 19, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge