## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

**DARRELL FINT,**

**Plaintiff,**

**v.**                                                            **Case No.: 5:17-cv-04043**

**BRAYMAN CONSTRUCTION
CORPORATION, a foreign corporation,**

**Defendant.**

### MEMORANDUM OPINION and ORDER

Pending is the Motion of Brayman Construction Corporation to Set Reasonable Expert Witness Rate. (ECF No. 136). Plaintiff filed a response in opposition to the Motion, (ECF No. 144), and Brayman Construction Corporation ("Brayman") replied. (ECF No. 148). On January 3, 2019, the parties appeared, by counsel, for a hearing on the Motion. For the reasons that follow, the Court **GRANTS** the Motion and sets a reasonable expert witness fee of $385 per hour for the time spent by Plaintiff's expert, Mr. Stephen Petty, P.E., C.I.H., in responding to Brayman's request for his deposition. The total deposition fee shall be calculated by multiplying the above hourly rate with the number of hours Mr. Petty spent preparing for the deposition, participating in the deposition, and reviewing the deposition transcript for signature. As emphasized at the hearing, the time spent on deposition preparation and transcript review must be reasonable; therefore, the parties are **ORDERED** to meet and confer and agree on the total number of hours that constitute Mr. Petty's response to discovery under Federal Rule 26(b)(4)(E).

## I.  Relevant Facts

This case involves a work place injury that occurred at a construction site in Hinton, West Virginia. While assisting a drill crew, Plaintiff fell backwards and headfirst into an open hole approximately nine feet deep, resulting in significant spinal injuries. Plaintiff alleges in his Complaint that Brayman, his employer, violated a number of industry, regulatory, and statutory safety standards, making Brayman liable to Plaintiff for monetary damages under West Virginia's deliberate intent statute. In support of his claim, Plaintiff identified Mr. Stephen Petty as an expert witness.

On July 20, 2018, Brayman took Mr. Petty's deposition, which lasted approximately five hours. Early in the deposition, Mr. Petty provided Brayman's counsel with his standard fee schedule. According to the fee schedule, Mr. Petty charged $385 per hour to perform expert consulting services, and $3000 per half day (up to four hours) or $5,000 per day (for more than four and up to eight hours) for deposition or trial testimony. In this case, Mr. Petty billed Brayman $5,000 for his deposition as it lasted more than four, but less than eight, hours.

Upon receiving the invoice, Brayman objected to the flat rate amount and argued that it was excessive. By way of compromise, Brayman offered to pay Mr. Petty $250 per hour for his time, pointing out that two other safety experts in the case charged $275 for their deposition time. In response, Plaintiff rejected the offer, stating that Mr. Petty charged the flat fee to account for losing an entire work day to the deposition. Moreover, Plaintiff indicated, Brayman was told about the flat fee at the outset of the deposition and proceeded nonetheless. Therefore, in all fairness, Brayman could not arbitrarily alter the terms of the fee schedule after the deposition. When the parties could not resolve their differences, the Motion to set a reasonable fee was filed.

## II. <u>Discussion</u>

Federal Rule of Civil Procedure 26(b)(4)(E)(i) states:

Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D);

Here, Brayman sought discovery under Rule 26(b)(4)(A) when it requested the deposition of Stephen Petty, a "person who has been identified as an expert whose opinions may be presented at trial." *See* Fed. R. Civ. P. 26(b)(4)(A). Consequently, unless "manifest injustice" would result, Brayman is responsible for paying Mr. Petty a reasonable fee for his time. This initial hurdle is easily cleared as both parties agree that a reasonable fee is due to Mr. Petty.

Brayman contends that Mr. Petty's $5,000 fee is excessive, because he is effectively charging $1,000 per hour for his deposition time. Given that the other three experts in this case have hourly rates of $275, $275, and $375 for their deposition time, Mr. Petty's $1,000 per hour charge is unreasonable on its face. Furthermore, Brayman argues that Mr. Petty, who is a chemical engineer, has less experience and training than the other experts in the field of work place safety. As such, his billing rate should be less, not more, than the others.

In contrast, Plaintiff indicates that Mr. Petty is highly respected and nationally recognized as an expert in work place injuries. In addition to having familiarity and experience in interpreting and applying safety regulations, Mr. Petty has written textbooks on forensic engineering and has testified in numerous high profile cases. Plaintiff argues that Mr. Petty's $5,000 fee is reasonable considering the amount of time spent, his willingness to appear for deposition in Ohio, and the complexity of his opinions.

The undersigned finds Mr. Petty's $5,000 charge to be unreasonable; primarily, because it is a flat fee charge. The undersigned agrees with other courts that have considered this issue and concluded that a flat fee does not comply with the intent of Rule 26(b)(4)(E)(i), which requires "some reasonable relationship between the services rendered and the remuneration to which an expert is entitled." *Anthony v. Abbott Labs.,* 106 F.R.D. 461, 464 (D.R.I. 1985). By its nature, "a flat fee runs counter to this principle." *Mannarino v. United States,* 218 F.R.D. 372, 375 (E.D.N.Y. 2003) (holding "[i]t is simply not reasonable to require parties in every case to pay the same amount regardless of the actual 'services rendered' or 'time spent complying with the requested discovery.'"); *Nnodimele v. City of New York,* No. 13–CV–3461, 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015) ("Flat fees are disfavored because courts expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.") (internal quotations and citation omitted)*; Dinkel v. MedStar Health, Inc.,* No. CV 11-0998 (CKK-AK), 2014 WL 12792993, at *7 (D.D.C. Mar. 20, 2014) (agreeing with other courts that a flat fee does not ensure what Rule 26 requires—a reasonable relationship between the services rendered and the remuneration to which the expert is entitled); *also Massasoit v. Carter,* 227 F.R.D. 264, 267 (M.D.N.C. 2005) (stating that "a flat fee does raise a red flag with respect to whether expert fees are reasonable, and requires the Court to closely scrutinize the situation" and noting that because most depositions vary and are not routinized, "a flat fee is not normally reasonable.").

Having concluded that Dr. Petty's flat fee is not reasonable, the Court must determine what amount would be reasonable. In making that determination, the following factors are typically considered:

(1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*First S. Bank v. Fifth Third Bank, N.A.*, No. CIV.A. 7:10-2097-MGL, 2014 WL 3868000, at *4 (D.S.C. Aug. 6, 2014), *aff'd sub nom.* 631 F. App'x 121 (4th Cir. 2015) (quoting *Adams v. Memorial Sloan Kettering Cancer Center,* 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002)). "The party seeking reimbursement of [its] expert witness fees has the burden of demonstrating to the court that the expert's rate and fee are reasonable." *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 955 (N.D. Ill. 2012). "A guiding principle is that the expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert." *Maxwell v. Stryker Corp.*, No. 11-CV-01524-REB-KMT, 2012 WL 2319092, at *2 (D. Colo. June 19, 2012).

With respect to the first three factors, Mr. Petty has a Master's Degree in Engineering and extensive experience in risk assessment, forensic engineering, and industrial hygiene. While his background in chemical engineering has undoubtedly resulted in an emphasis in mold and chemical contamination cases, Mr. Petty is a certified safety professional who has examined a variety of work place issues. Therefore, his credentials are at least equal to the other three experts identified in this case. Those experts charge between $275 and $375 for deposition time. Accordingly, Mr. Petty's hourly rate of $385 is within a reasonable range when viewed against these other similar expert fees.

As to the fourth factor, the issues in this litigation are somewhat complex in that

they involve OSHA regulations and industry standards. Mr. Petty was deposed at length about these issues, and no concerns were raised regarding the adequacy of his responses. The fifth factor—the cost of living—is not particularly significant here. Mr. Petty apparently has a primary location of operations in West Palm Beach, but also has an office in Dublin, Ohio. Neither geographic area is dramatically different in cost of living from West Virginia.

In regard to the next two factors, Plaintiff confirms that Mr. Petty is indeed charging Plaintiff the fees set forth in the fee schedule. In fact, Plaintiff's counsel was forced to pay Mr. Petty his $5,000 deposition fee when Brayman refused to do so. Plaintiff also confirms that, to the best of his knowledge, the fee schedule represents the fees typically charged and received by Mr. Petty, which is some evidence that the $385 fee is reasonable. *Burgess v. Fischer,* 283 F.R.D. 372, 373 (S.D. Ohio 2012) ("[I]n general, '[a]n expert's regular hourly rate for professional services is presumptively a reasonable rate for deposition.'") (quoting *Bonar v. Romano,* No. 2:08-cv-560, 2010 WL 4280691, at *1 (S.D. Ohio Oct. 25, 2010)); *also Farace v. Am. Airlines, Inc.*, No. 2:10-CV-00724-KJD, 2011 WL 3841438, at *1–2 (D. Nev. Aug. 29, 2011) (holding "[a]n expert's hourly rate for professional services is presumptively a reasonable hourly rate for deposition.") (quoting *Barrett v. Nextel Communications, Inc.,* 2006 WL 374757 (E.D. Mich. 2006)).

Based upon these factors, the undersigned finds that Mr. Petty's regular hourly rate of $385 is reasonable for the time spent in responding to Brayman's request for his deposition. Mr. Petty is entitled to payment for reasonable preparation time, *New York v. Solvent Chemical Co., Inc.,* 210 F.R.D. 462, 471 (W.D.N.Y. 2002), although not to include time spent meeting or communicating with Plaintiff's counsel. He is also entitled to payment for time spent taking the deposition, as well as a reasonable time reviewing

and signing the transcript. *See Fulks v. Allstate Prop. and Cas. Ins. Co.,* No. 3:14-cv-29473, 2016 WL 447628, at \*3-4 (S.D.W. Va. Feb. 4, 2016).

Therefore, the Motion to Set a Reasonable Expert Witness Rate is granted. The parties are hereby **ORDERED** to meet and confer and agree on the total amount due for the time spent by Mr. Petty in responding to the discovery requested by Brayman. Given that Plaintiff's counsel has already paid Mr. Petty, Brayman shall promptly reimburse Plaintiff's counsel for that fee.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** January 7, 2019

Cheryl A. Eifert
United States Magistrate Judge