IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DARRELL FINT,

    Plaintiff,

v.                                        Case No.: 5:17-cv-04043

BRAYMAN CONSTRUCTION
CORPORATION, a foreign corporation,

    Defendant.

## MEMORANDUM OPINION and ORDER

Pending is the Motion of Brayman Construction Corporation to Compel the Complete File of Darrell Fint from Jennifer Myers, Ph.D. (ECF No. 168). Plaintiff filed a response to the Motion, indicating that he does not object to production of his entire file; however, Dr. Myers has declined to honor his written authorization consenting to its release. (ECF No. 173). Therefore, Plaintiff does not have possession or control of the file and cannot produce it. For that reason, Plaintiff asks that the Motion be denied.

According to Plaintiff, at the time of Dr. Myers's deposition, she allowed the parties to review Plaintiff's file, but refused to produce a copy of same based upon her belief that she is prohibited from releasing certain records under the ethical guidelines of the American Psychiatric Association. In particular, Dr. Myers testified that she is precluded from producing test data and psychotherapy notes. Plaintiff denies playing any role in Dr. Myers's refusal to supply his clinical records, indicating that he is at a loss as to what else he can do to expediate production of his complete file. Unpersuaded by Plaintiff's

1

protestations, Brayman Construction Corporation ("Brayman") has filed a reply accusing Plaintiff of obstructing and delaying discovery. (ECF No. 176).

## I. Order

On Thursday, January 3, 2019, the parties appeared, by counsel, for a hearing on the motion. Having reviewed the arguments of counsel, the deposition transcript of Dr. Myers, and the relevant statutes, regulations, and ethical standards, the undersigned **GRANTS** the Motion to Compel. The undersigned finds that Plaintiff has fulfilled his obligation to take reasonable steps to obtain a complete copy of his psychological records from Dr. Myers and should not be held responsible for her refusal to release them. Therefore, the Court is not directing the order to Plaintiff. Instead, given that Dr. Myers has control, custody, and possession of the complete file, the Court **ORDERS** Dr. Myers within **ten (10) days** of receipt of this Order to produce a copy of her entire chart pertaining to Plaintiff Darrell Fint to counsel for Brayman. Brayman shall provide a copy of this Order to Dr. Myers, shall reimburse Dr. Myers the cost of reproducing the file, and shall provide Plaintiff's counsel with a copy of the documents received from Dr. Myers. The documents in the file shall be subject to the Protective Order already entered in this case. (ECF No. 130).

## II. Discussion

On April 16, 2018, Dr. Jennifer Myers, a psychologist at Mountaineer Psychological Services in Morgantown, West Virginia, performed a one-time evaluation of Plaintiff for litigation purposes. (ECF No. 168-6 at 67-68). Thereafter, Brayman sent Dr. Myers a formal written records request, seeking a copy of her entire file pertaining to Plaintiff, and enclosing a HIPAA-compliant authorization signed by Plaintiff consenting to the release of his records. Dr. Myers issued a report summarizing her evaluation of Plaintiff, which

she provided to Plaintiff's counsel and which was subsequently produced to Brayman pursuant to Fed. R. Civ. P. 26(a). However, Dr. Myers did not honor the records request sent by Brayman.

On November 13, 2018, the parties appeared at Dr. Myers's office for her pre-arranged deposition. Once again, Brayman requested a copy of the entire file Dr. Myers had in her possession pertaining to Plaintiff. (ECF No. 168-6 at 38-40). Dr. Myers allowed the parties' counsel to examine Plaintiff's chart, which Dr. Myers had brought to the deposition, but she refused to provide copies of the file. Dr. Myers explained that her office complied with the ethical code of the American Psychiatric Association, and that code instructed psychologists not to release the raw data of psychological testing due to the potential for misinterpretation. Instead, psychologists were to provide only a report of the testing results. In addition, the test materials underlying the data were copyrighted, and psychologists were legally bound to honor those copyrights. Dr. Myers added that her office likewise never released psychotherapy session notes. She testified that her office took the position that a report fulfilled the requirements of any subpoena or court order for a patient's file. (*Id.* at 39-42). Accordingly, from the deposition testimony, it appears that the parties received a report generated by Dr. Myers that was based upon and incorporated information from the records contained in Plaintiff's chart at Mountaineer Psychological Services, but they did not receive a copy of the records prepared and collected by Dr. Myers that comprise Plaintiff's chart. The reasons given by Dr. Myers for refusing to copy and provide these records, notwithstanding Plaintiff's written authorization consenting to their production, are that (1) psychotherapy session notes are never released by her office; and (2) psychological test data cannot be produced because of ethical rules prohibiting the disclosure of that information.

### A. Standards Governing the Release of Mental Health Records

In the State of West Virginia, the disclosure of mental health care records is governed by federal and state law. Under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, an individual's mental health care records constitute protected health information subject to security and privacy standards. *See* 45 C.F.R. §164.102 *et. seq.* Most mental health care records are treated like any other health care record under HIPAA. However, "psychotherapy notes" receive additional protection; indeed, unlike the access given to other medical records, an individual does not have the automatic right to access his own psychotherapy notes. 45 C.F.R. §164.524(a)(1)(i). Under certain circumstances—such as when a treating mental health care professional believes that access to the notes is reasonably likely to endanger the life or physical safety of the individual or another person—the individual may be denied permission to review his psychotherapy notes. 45 C.F.R. §164.524(a)(3)(i). Psychotherapy notes are defined narrowly under HIPAA, including only those notes made by a mental health care provider that document or analyze the contents of conversations occurring during counseling sessions, and that are separated from the rest of the individual's record. Psychotherapy notes expressly do **not** include "medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: Diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date." 45 C.F.R. §164.501. Notably, even with the added protection given to psychotherapy notes, HIPAA allows their disclosure to a third-party with a valid authorization, 45 C.F.R. §164.508(a)(1), and without an authorization when the disclosure is required by law. 45 C.F.R. §§164.508(a)(2)(ii), 164.512(a).

West Virginia Code § 16-29-1 also addresses the release of health care records, including records documenting "treatment for psychiatric or psychological problems." With respect to mental health care records, a treatment provider is only required to supply "a summary of the record" to a patient "following termination of the treatment program." W. Va. Code § 16-29-1(a)(1). Based on the language of this statute, psychotherapy session notes need never be provided in response to a patient's request or authorization. Nonetheless, the statute clarifies in paragraph (c) that the Code section "does not apply to records subpoenaed or otherwise requested through court process." W. Va. Code § 16-29-1(c). Thus, the West Virginia Legislature acknowledges that mental health care records, in addition to a report, may be obtained through the judicial process.

Similarly, West Virginia Code § 27-3-1 discusses the confidentiality of communications and information obtained during the course of mental health care. The statute provides that such information shall not be disclosed unless it falls within one of seven exceptions, including *inter alia* "[p]ursuant to an order of any court based upon a finding that the information is sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining confidentiality" and "[p]ursuant to and as provided for under the federal privacy rule of [HIPAA]." Once again, the West Virginia Legislature recognizes the need for disclosure when appropriate in legal proceedings.

With respect to ethical guidelines, the American Psychiatric Association counsels that "[a] psychiatrist may release confidential information only with the authorization of the patient or under proper legal compulsion. ... When the psychiatrist is ordered by the court to reveal the confidences entrusted to him/her by patients, he or she may comply or he/she may ethically hold the right to dissent within the framework of the law. ... In the event that the necessity for legal disclosure is demonstrated by the court, the psychiatrist

may request the right to disclosure of only that information which is relevant to the legal question at hand." THE PRINCIPLES OF MEDICAL ETHICS WITH ANNOTATIONS ESPECIALLY APPLICABLE TO PSYCHIATRY (Am. Psych. Assoc. 2013). Although not explicit in reference to psychotherapy session notes, clearly the intent of the ethical guideline is to encourage professionals to tailor disclosures of confidential communications to the minimum necessary to accommodate the professed need for information. The American Psychological Association has similar confidentiality principles that similalry are not specific to psychotherapy session notes, but do counsel that discretion should be used in the amount of information disclosed. APA ETHICAL PRINCIPLES OF PSYCHOLOGISTS AND CODE OF CONDUCT (Am. Psychol. Assoc. 2017) ("APA Ethics Code") Section 4: Privacy and Confidentiality.

Neither West Virginia, nor HIPAA, provides any special protection for psychological test data. In fact, HIPAA explicitly excludes clinical test results from the definition of psychotherapy notes; thereby, placing test data in the same category as any other protected health information. Contrary to Dr. Myers's testimony, the American Psychiatric Association has no ethical guideline governing the confidentiality of test data. However, the American Psychological Association does have such a standard and is likely the one Dr. Myers intended to reference at her deposition. APA Ethics Code Section 9.04 provides as follows:

> The term *test data* refers to raw and scaled scores, client/patient responses to test questions or stimuli, and psychologists' notes and recordings concerning client/patient statements and behavior during an examination. Those portions of test materials that include patient/client responses are included in the definition of *test data.* Pursuant to a client/patient release, psychologists provide test data to the client/patient or other persons identified in the release. Psychologists may refrain from releasing test data to protect a client/patient from substantial harm or misuse or misrepresentation of the data or test, recognizing that in many instances

>release of confidential information under these circumstances is regulated by law. (See also Standard 9.11, Maintaining Test Security).

APA ETHICAL PRINCIPLES OF PSYCHOLOGISTS AND CODE OF CONDUCT (Am. Psychol. Ass. 2017). APA Ethics Code Section 9.11 states:

> The term *test materials* refers to manuals, instruments, protocols, and test questions or stimuli and does not include *test data* as defined in Standard 9.04, Release of Test Data. Psychologists make reasonable efforts to maintain the integrity and security of test materials and other assessment techniques consistent with law and contractual obligations, and in a manner that permits adherence to this Ethics Code.

*Id.* It is important to note, however, that neither of the above Sections sanctions the imposition of a blanket policy of nondisclosure.

### B.     *Propriety of Withholding Portions of Plaintiff's File*

As previously stated, Dr. Myers advised the parties that her office has a policy of withholding from production both psychotherapy session notes and test data in all cases. She testified that these two categories of records are withheld even when they are the subject of an authorization, included in a subpoena *duces tecum,* or are required to be disclosed by court order. A review of the relevant statutes, regulations, and ethical principles suggests that such a policy is not judicious and would benefit from reconsideration.

In the case of psychotherapy session notes, the available standards would require this Court to weigh the parties' need for the information against the importance of maintaining the confidentiality of the notes. Psychotherapy session notes are undoubtedly entitled to a higher level of privacy and security. Consequently, only if the needs of the litigation sufficiently outweighed the importance of confidentiality would an order compelling disclosure be appropriate. Here, however, it is unlikely that psychotherapy session notes exist. According to the deposition, Dr. Myers examined

Plaintiff one time to evaluate his mental health for this litigation. Dr. Myers did not undertake Plaintiff's treatment and did not counsel him. Moreover, Dr. Myers allowed both parties' counsel to examine the entire chart, which is unlikely if the record contained psychotherapy session notes (which, under HIPAA, are to be maintained separately from the patient's chart in any event). Therefore, the undersigned is not concerned that an order compelling Dr. Myers to provide the complete chart will result in the unnecessary disclosure of highly confidential psychotherapy session notes.

As for the test data, Dr. Myers did not express any concern at her deposition that Plaintiff's test data would be misrepresented or misused if she released it pursuant to his authorization, nor did she express a professional opinion that disclosure of the test data would expose Plaintiff to a risk of substantial harm. Instead, Dr. Myers merely declined to provide the data on the basis that the ethical rule forbade all disclosures, which actually is not accurate. To the contrary, Standard 9.04 requires psychologists to release test data upon patient authorization *unless* there is a compelling reason not to do so. Thus, this standard is consistent with the HIPAA privacy regulation. In regard to Dr. Myers's concern about copyright infringement if the test materials are disclosed, Standard 9.11 requires psychologists to protect the integrity and security of the materials to the extent *reasonably possible*. This principle does not mandate that psychologists should defy a court order for the purpose of guarding test tools that are already frequently used and widely available in the marketplace. Obviously, to the extent that these test materials are not part of the patient's record, they need not be produced. However, when the test materials are so intertwined with the test data that they cannot be separated, the test materials should be produced with the data. In that event, the test materials can be reasonably safeguarded from dissemination by marking them as confidential under the

terms of the Court's Protective Order.

Therefore, based upon the relevant law and the governing ethical standards, the undersigned concludes that Brayman is entitled to a copy of Plaintiff's complete chart in the possession of Dr. Myers. Dr. Myers is hereby **ORDERED** to produce a copy of same to Brayman pursuant to the authorization provided by Plaintiff and this Court's Order within **ten (10) days** of receipt of the Order. Brayman shall provide a copy of this Order to Dr. Myers, shall reimburse Dr. Myers the cost of reproducing the file, and shall provide Plaintiff's counsel with a copy of the documents received from Dr. Myers.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** January 8, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge